IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIMON EL HAGE,

          Plaintiff,

    v.

U.S. SECURITY ASSOCIATES, INC., and COGNISA SECURITY, INC.,

          Defendants.

NO. C06-7828 TEH

ORDER CONDITIONALLY GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AND DENYING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on a motion to withdraw filed by Alden Knisbacher, Plaintiff Simon El Hage's attorney of record, and on a motion to dismiss filed by Defendants U.S. Security Associates, Inc. and Cognisa Security, Inc. After careful consideration of the parties' written submissions, relevant law, and the record in this case, the Court concludes that oral argument is unnecessary on either motion and hereby VACATES the December 17, 2007 hearing date. For the reasons discussed below, the Court now CONDITIONALLY GRANTS Mr. Knisbacher's motion to withdraw and DENIES Defendants' motion to dismiss. The Court further issues an ORDER TO SHOW CAUSE to Plaintiff as to why this case should not be dismissed for failure to prosecute.

**DISCUSSION**

**I.    Motion to Withdraw**

Plaintiff's counsel, Alden Knisbacher, seeks to withdraw because he has been unable to contact his client since July 2007.[1] Plaintiff's failure to provide his counsel with updated

---

[1] Mr. Knisbacher's last contact with his client was in May 2007, but he did not attempt to make contact again until July 2007.

1  contact information is sufficient to allow Mr. Knisbacher's permissive withdrawal under
2  California Rule of Professional Conduct 3-700(C)(1)(d), which allows withdrawal where the
3  client "renders it unreasonably difficult for [counsel] to carry out the employment
4  effectively."

5  However, before he can withdraw, counsel must also comply with California Rule of
6  Professional Conduct 3-700(A)(2), which provides that counsel "shall not withdraw from
7  employment until [he or she] has taken reasonable steps to avoid reasonably foreseeable
8  prejudice to the rights of the client, including giving due notice to the client, allowing time
9  for employment of other counsel, complying with rule 3-700(D), and complying with
10 applicable laws and rules."  In a formal but non-binding opinion, the Standing Committee on
11 Professional Responsibility and Conduct of the State Bar of California advised that, where an
12 attorney seeks to withdraw based on an inability to locate his or her client, compliance with
13 Rule 3-700(A)(2) requires the attorney to "expend a reasonabl[e] amount of time and funds
14 so as to insure that the attorney makes a diligent effort to locate the client."  State Bar of Cal.
15 Standing Comm. on Prof'l Responsibility & Conduct, Formal Opinion No. 1989-111, at 2
16 (Ex. A to Knisbacher Reply Decl.).

17 Prior to filing his motion to withdraw, Mr. Knisbacher left several unreturned
18 telephone messages at Plaintiff's last known telephone number.  He also spoke with someone
19 at that telephone number who stated that Plaintiff had moved from the residence and did not
20 leave a forwarding address.  In addition, counsel sent Plaintiff a letter at his last known
21 address, a post office box, requesting that he provide updated contact information.
22 Mr. Knisbacher states that he did not receive a reply from Plaintiff, and he also does not
23 indicate that his letter was returned as undeliverable.

24 Since the filing of his motion to withdraw, Mr. Knisbacher has undertaken several
25 additional attempts to locate Plaintiff, all of which have been unsuccessful.  These attempts
26 include performing internet searches on three different websites specializing in compiling
27 personal information; locating an e-mail address that appeared as if it may have been
28 Plaintiff's but is now inactive; and sending an e-mail to the publisher of a book written by

2

1 Plaintiff but receiving no reply.  Beyond that, Mr. Knisbacher declares that, prior to
2 December 17, 2007, he will have sent a letter by registered mail to Plaintiff's last known
3 address; completed a forwarding address request with the United States Postal Service; and
4 completed a further search for Plaintiff's current whereabouts using Accurint, a LexisNexis
5 company that compiles personal data based on public records and other sources.

6 Based on all of the above, and assuming that Mr. Knisbacher completes all of the
7 tasks he declared under penalty of perjury that he would have completed by December 17,
8 2007, the Court finds that Mr. Knisbacher has made sufficiently diligent efforts to locate his
9 client.  Accordingly, Mr. Knisbacher's motion to withdraw is GRANTED with the following
10 conditions:

11 1. Mr. Knisbacher shall file a declaration on or before **December 17, 2007,** providing
12 the results of the additional efforts to locate his client that he described in paragraph 8 of his
13 reply declaration filed on December 3, 2007.

14 2. Mr. Knisbacher shall send by registered mail a copy of this order to Plaintiff's last
15 known address, as well as to any address that reasonably appears to be Plaintiff's address
16 following the efforts discussed above.  Mr. Knisbacher shall file a declaration stating that he
17 has done so on or before **January 7, 2008.**

18 3. Pursuant to Civil Local Rule 11-5(b), all papers in this case may continue to be
19 served on Mr. Knisbacher for forwarding to Plaintiff unless and until Plaintiff appears by
20 other counsel or *pro se* – i.e., representing himself without counsel.

21 4. Failure to comply with any of these conditions shall result in the denial of
22 Mr. Knisbacher's motion to withdraw.

23

24 **II.    Motion to Dismiss and Order to Show Cause**

25 Also currently pending before the Court is Defendants' motion to dismiss for failure
26 to prosecute under Federal Rule of Civil Procedure 41(b).  Prior to dismissing a case, a court
27 must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's
28 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

3

1 favoring disposition of cases on their merits; and (5) the availability of less drastic
2 alternatives." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (citations
3 omitted).

4       Defendants argue that they have faced and will continue to face prejudice if forced to
5 continue defending this action, but it appears that Defendants have brought much of the
6 claimed prejudice on themselves. For example, rather than waiting to see whether Plaintiff's
7 counsel's motion to withdraw would be granted, or whether this Court might *sua sponte*
8 dismiss this case for failure to prosecute if Plaintiff could not be located, Defendants instead
9 decided on their own accord to file a motion to dismiss. Given Plaintiff's counsel's pending
10 motion to withdraw and the current missing status of Plaintiff, the fees and expenses incurred
11 in filing that motion were not necessary to the adequate defense of this action.

12       In addition, although the Court agrees that Plaintiff and his counsel could have been
13 more diligent in prosecuting Plaintiff's claims, Defendants overstate the delay in this case by
14 improperly asserting that the case has been pending for nearly two years when, in fact, it has
15 only been pending for one year. Plaintiff's counsel's explanation for the delay in discovery –
16 that he believed settlement discussions should be pursued prior to expending substantial
17 litigation costs – is also reasonable.

18       Finally, Defendants mistakenly conclude that the less drastic sanction Plaintiff's
19 counsel proposes – namely, an order to show cause to Plaintiff as to why this case should not
20 be dismissed – would be unacceptable. As the Ninth Circuit has explained, "[d]ismissal is a
21 harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*,
22 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal for failure to prosecute may ultimately be
23 the most suitable resolution of this case, but, as ordered below, this Court finds it appropriate
24 to provide Plaintiff with one final opportunity to show cause as to why this case should not
25 be dismissed.

26       For all of the above reasons, the Court finds involuntary dismissal to be inappropriate
27 at this time. The risk of prejudice to Defendants is minimal and fails to outweigh the public
28 policy favoring disposition of cases on their merits, the Court's desire to ensure due process,

4

and the availability of a less drastic alternative that will result in neither significant delay nor prejudice. Accordingly, Defendants' motion to dismiss for failure to prosecute is DENIED.

However, this Court also need not sit idly by and wait for Plaintiff to reappear if and when he so chooses. Earlier in this order, the Court required Plaintiff's counsel to undertake several additional efforts to locate Plaintiff and to send by registered mail a copy of this order to Plaintiff at his last known address, as well as any addresses that reasonably appear to be Plaintiff's following Mr. Knisbacher's further investigation. The Court finds that this requirement is the most reasonable way of providing Plaintiff with notice of the following[2]:

    1. The December 17, 2007 motion hearings are VACATED.

    2. Plaintiff is ORDERED TO SHOW CAUSE as to why this case should not be dismissed for failure to prosecute at a hearing before this Court on **January 28, 2008, at 10:00 AM.** The hearing shall take place in Courtroom 12 at 450 Golden Gate Avenue, San Francisco, California.

    3. If Plaintiff fails to appear at that time, either through new counsel or by representing himself without counsel, then the Court will have no choice but to conclude that Plaintiff no longer wishes to pursue this case. Consequently, this case shall be dismissed for failure to prosecute, and dismissal shall be with prejudice, meaning that Plaintiff will not be able to file another lawsuit in this Court based on the same claims that formed the basis of this case.

**IT IS SO ORDERED.**

Dated: 12/10/07

                                THELTON E. HENDERSON, JUDGE
                                UNITED STATES DISTRICT COURT

---

[2] Although this process does not guarantee actual notice to Plaintiff, the Court finds that it is the best possible means of providing notice given that Plaintiff has failed to keep his own counsel informed of his whereabouts.

5