| | |
|---|---|
| SIMON EL HAGE, | |
| Plaintiff, | NO. C06-7828 TEH |
| v. | ORDER DISMISSING CASE WITH PREJUDICE |
| U.S. SECURITY ASSOCIATES, INC., and COGNISA SECURITY, INC., | |
| Defendants. | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

This matter came before the Court for a case management conference on January 28, 2008. Alden Knisbacher of Alden Knisbacher Law Offices appeared on behalf of Plaintiff Simon El Hage, who, contrary to an order of this Court, did not personally appear. Morgan Forsey of Sheppard, Mullin, Richter & Hampton LLP appeared on behalf of Defendant U.S. Security Associates, Inc. Lorraine Ocheltree of Duane Morris LLP appeared on behalf of Defendant Cognisa Security, Inc. After careful consideration of the record of this case and relevant law, the Court hereby DISMISSES Plaintiff's complaint with prejudice for the reasons discussed below.

**BACKGROUND**

Plaintiff Simon El Hage initiated this employment-related lawsuit on December 21, 2006 by filing a complaint for wrongful termination in violation of public policy against "Cognisa, Inc." in this Court. On the same date, this Court issued an order setting a case management conference for March 26, 2007, and ordered that initial disclosures be completed by March 19, 2007. Counsel was ordered to consult and comply with all provisions of the Local Rules relating to continuance, motions, briefs, and all other matters.

Plaintiff was ordered to serve copies of that order at once upon all parties to the action and upon those subsequently joined. The order stated that failure to comply with the order may be deemed sufficient grounds for dismissal of this case.

Pursuant to the Court's December 21, 2006 order, a case management conference statement was due to be filed with the Court on March 16, 2007. Plaintiff failed to file such a statement. Instead, on March 23, 2007, three days before the case management conference was scheduled to occur, Plaintiff filed an *ex parte* application to continue the case management conference. In that application, Plaintiff requested a three-month continuance of the case management conference on grounds that he had not completed service of process. On March 26, 2007, this Court denied the request and held a case management conference with only Plaintiff's counsel present. At that conference, the Court set a further case management conference for June 25, 2007, and ordered that service to the defendant be completed in two months, i.e. by May 26, 2007. Plaintiff did not effectuate service on any defendant by May 26, 2007, as directed by this Court.

On May 29, 2007, five months after the original complaint was filed, Plaintiff filed a first amended complaint for wrongful termination in violation of public policy against U.S. Security Associates, Inc., dba Cognisa, Inc. On or about June 5, 2007, Plaintiff served a copy of that amended complaint on U.S. Security Associates, Inc.

On June 25, 2007, Plaintiff filed another *ex parte* application, this time seeking leave to amend his complaint again. The Court granted that application. The Court also held a case management conference as scheduled on June 25, 2007, and set another case management conference for July 30, 2007.

On July 6, 2007, Plaintiff filed a second amended complaint against both U.S. Security Associates, Inc. and Cognisa, Inc., alleging two causes of action for wrongful termination in violation of public policy and violation of California Business and Professions Code section 17200. Defendant Cognisa Security, Inc. (incorrectly sued as Cognisa, Inc.) contends that only an unsigned copy of the second amended complaint was "served" upon it on or about July 13, 2007.

It was not until August 13, 2007, that a case management conference was held with counsel for all three parties present. At that time, a further case management conference was set for October 1, 2007.

On August 30, 2007, a Clerk's notice was filed, rescheduling the October 1, 2007 case management conference to October 29, 2007, with a joint case management conference statement due to be filed no later than October 22, 2007.

On October 23, 2007, counsel for Defendants U.S. Security Associates and Cognisa Security, Inc. filed a late "joint" case management conference statement in which they contended that they had attempted to reach Plaintiff's counsel to submit a joint statement with his input but were unsuccessful in those efforts. On October 24, 2007, contrary to the orders of this Court, Plaintiff's counsel submitted his own case management conference statement.

On October 29, 2007, Plaintiff's counsel, Alden Knisbacher, appeared at the case management conference and stated that he had lost contact with his client and that he intended to file a motion to withdraw as counsel. On the same date, Plaintiff's counsel filed his motion to withdraw, contending that he had fallen out of contact with Plaintiff, that Plaintiff had failed to provide him with updated contract information, and that he had taken steps to locate Plaintiff that had been unsuccessful.

On November 9, 2007, Defendants U.S. Security Associates and Cognisa Security, Inc. filed a joint motion to dismiss the action for failure to prosecute, contending that Plaintiff had failed to move his case along both before and after Defendants were brought into the action. Defendants contended, and Plaintiff did not dispute, that Plaintiff had purportedly disappeared several months earlier, no discovery had been conducted, and Plaintiff's counsel had failed to confer with Defendants' counsel on various matters.

On December 10, 2007, this Court granted Plaintiff's counsel's motion to withdraw on the conditions that Plaintiff's counsel file a declaration providing the results of additional efforts to locate his client, that a copy of the Court's order be sent by registered mail to Plaintiff at his last known address and any address that appeared to be Plaintiff's, and that

1 Plaintiff's counsel file a declaration reflecting service. This Court also ordered Plaintiff to
2 show cause as to why his case should not be dismissed for failure to prosecute and set a
3 hearing on that issue on January 28, 2008, at 10:00 AM. The Court ordered that if Plaintiff
4 failed to appear at that time, either through new counsel or by representing himself without
5 counsel, then the Court would have no choice but to conclude that Plaintiff no longer wished
6 to pursue this case. This case would therefore be dismissed for failure to prosecute, and
7 dismissal would be with prejudice, meaning that Plaintiff would not be able to file another
8 lawsuit in this Court based on the same claims that formed the basis of this case.

9       On December 17, 2007, Plaintiff's counsel filed a declaration withdrawing his motion
10 to withdraw because he had regained contact with his client. Consequently, on December 21,
11 2007, this Court issued an order vacating that portion of the December 10, 2007 order that
12 conditionally granted Mr. Knisbacher's motion to withdraw. A case management conference
13 was set for January 28, 2008, and this Court again ordered Plaintiff to personally attend the
14 January 28, 2008 case management conference. The order warned that if Plaintiff did not
15 personally appear at the case management conference, the Court would dismiss this case for
16 failure to prosecute even if Plaintiff's counsel made an appearance.

17       On January 28, 2008, a case management conference was held, but Plaintiff did not
18 appear. Plaintiff's counsel indicated he had informed Plaintiff of the hearing time and
19 location, and that Plaintiff apparently had gone to the wrong courthouse. The Court
20 instructed Plaintiff's counsel to attempt to locate his client and re-called the matter at
21 10:43 AM, at the conclusion of the Court's morning calendar. Plaintiff's counsel stated that
22 he had been unable to locate his client.

23       Following the case management conference, the Court has not received any indication
24 from Plaintiff or his counsel that Plaintiff intends to pursue this case.

25

26 **DISCUSSION**

27       Since filing this lawsuit over one year ago, Plaintiff and his counsel, without
28 justification or reasonable excuse, have failed to prosecute this matter diligently and have

4

failed to comply with this Court's orders. Plaintiff's dilatory conduct includes failure to commence discovery, failure to communicate with his attorney (thus causing his attorney to file a motion to withdraw), and failure to comply with this Court's order to personally appear at the January 28, 2008 case management conference.

Dismissal with prejudice is proper, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute this action. Having weighed the five factors set forth in *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), the Court finds that the balance of these factors weighs heavily in favor of dismissing this action. The public has an interest in expeditious resolution of litigation, and the Court needs to manage its docket. Moreover, Plaintiff has repeatedly wasted valuable court time, and Defendants have been prejudiced by Plaintiff's unreasonable delays. No less drastic sanction would be effective as it appears from his failures to appear in court and to communicate with his counsel that Plaintiff has entirely abandoned this case.

**CONCLUSION**

With good cause appearing for all of the above reasons, Plaintiff's complaint is hereby DISMISSED WITH PREJUDICE. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 02/08/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT